IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SILVIA BONILLA | § | CIVIL ACTION NO. 5:21-cv-01157 |
| Plaintiff, | § | |
| v. | § | |
| BASS PRO OUTDOOR WORLD, LLC | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Chapter 21 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.* ("Chapter 21"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by Plaintiff SILVIA BONILLA ("Plaintiff") against her former employer Defendant BASS PRO OUTDOOR WORLD, LLC ("Defendant"). Plaintiff was subjected to severe and ongoing sexual harassment by a manager, which she reported to Defendant. Defendant failed to remedy the harassment. In January 2020, Defendant fired Plaintiff in retaliation for her complaints about sexual harassment. Plaintiff further alleges that Defendant's pretext for terminating her – for absences related to her cancer treatment – violated the FMLA.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Plaintiff's Title VII and FMLA claims pursuant to the following:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 42 U.S.C. § 2000e-5 (Title VII); and

d. 29 U.S.C. § 2617(a)(2) (FMLA).

2. The Court has supplemental jurisdiction pursuant to 28 U. S. C. § 1367 over Plaintiff's claims arising under state law because these claims are so related to the federal claims that they form part of the same case and controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b), 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 2617(a)(2).

## THE PARTIES

4. Plaintiff SILVIA BONILLA is a natural person residing in Bexar County, Texas.

5. Defendant BASS PRO OUTDOOR WORLD, LLC, is a Missouri Limited Liability Company with headquarters located in Springfield, Missouri. Defendant can be served with process through CT Corporation System, its registered agent for service of process, at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## STATEMENT OF FACTS

6. Plaintiff began her employment with Defendant at its Bass Pro Shops Outdoor World store located at 17907 IH-10 West in San Antonio, Texas (the "San Antonio store") in 2008.

7. Plaintiff held a few different positions in Defendant's San Antonio store. Her last position was as an apparel processor in the Receiving Department.

8. Greg Valle was one of the managers in Defendant's San Antonio store and was Plaintiff's manager beginning around 2012.

9. Beginning around the start of Plaintiff's employment with Defendant in 2008 and continuing until December 2019, Valle made frequent sexual remarks to Plaintiff using vulgar and profane language, including making comments about Plaintiff's body and talking about

sexual acts Valle wanted to undertake with Plaintiff. Valle also showed Plaintiff sexual and nude photos of himself. Valle also frequently grabbed and groped Plaintiff, including grabbing her breasts and bottom, grabbing her hand and pulling it toward his penis, and pushing his penis against her body.

10. Upon information and belief, beginning around 2012 through the end of her employment with Defendant, Valle had the ability to discipline, fire, promote or reassign Plaintiff or Defendant relied on Valle's recommendations in deciding whether to discipline, fire, promote or reassign Plaintiff.

11. Valle's harassment of Plaintiff became more frequent and severe over time, particularly after Plaintiff's husband died in 2016.

12. Plaintiff notified her managers, including Mark McArthur, about Valle's sexual harassment of her on a number of occasions.

13. Valle sexually harassed other female employees of Defendant, and managers in Defendant's San Antonio store, including McArthur, were aware of Valle's sexual harassment of female employees including Plaintiff.

14. Even though Plaintiff notified managers including McArthur of Valle's sexual harassment of her, the harassment continued.

15. In December 2019, Plaintiff again complained about the sexual harassment to San Antonio store HR Coordinator Pam Bates and to San Antonio store General Manager Jesse Pompa.

16. In response to Plaintiff's complaint, Pompa screamed at Plaintiff and told her that if she didn't like the job she could quit.

17. Plaintiff then had a meeting with Pompa and Lisa Benitez, Senior HR Manager for Defendant. Benitez asked Plaintiff to describe the allegations of her sexual harassment complaint in writing, and Plaintiff provided a written statement to Defendant in December 2019.

18. In mid-December 2019, Plaintiff had another meeting with Pompa and Benitez. During the meeting, Benitez and Pompa informed Plaintiff that Defendant had concluded its investigation into her sexual harassment complaint, and Plaintiff was told that she would have to continue working in the San Antonio store with Valle.

19. Plaintiff was diagnosed with breast cancer in 2018 and underwent chemotherapy and radiation treatments. She received treatments and follow-up care for her breast cancer in 2018 and 2019.

20. Plaintiff's chemotherapy treatments were administered through a port inserted under the skin in her chest area.

21. On January 1, 2020, Plaintiff spoke to McArthur to notify him of a follow-up appointment with her oncologist on the next day, January 2, 2020. Plaintiff told McArthur that if her oncologist cleared her for surgery to remove the port, she would need to take two weeks off for the surgery itself and to recover from the surgery.

22. On January 2, 2020, during her follow-up appointment, Plaintiff's oncologist cleared her for port removal surgery and scheduled her port removal surgery for the next day, January 3, 2020.

23. After her appointment, on January 2, 2020, Plaintiff called her manager, Mark McArthur, to inform him that she would have the surgery on January 3, 2020 and to confirm her request for two weeks of leave. Plaintiff told McArthur that she wanted to use one week of sick

leave and one week of vacation to recover from the surgery. McArthur told Plaintiff that her leave request was approved.

24. Following McArthur's instructions, on January 2, 2020, Plaintiff also requested one week of sick leave and one week of vacation via Defendant's app, "Workday."

25. Defendant's Workday app showed Plaintiff that her sick leave and vacation requests were approved.

26. During the 12-month period prior to the date Plaintiff requested and took leave in January 2020, Plaintiff had worked for Defendant more than 1,250 hours.

27. During the week of January 13, 2020, a few days before her leave ended, Plaintiff contacted Pam Bates to get her schedule for returning to work after leave. Bates informed Plaintiff that she was terminated for "no call no show."

28. Plaintiff offered to provide Defendant a note from her doctor saying that she had to be out for two weeks related to her serious health condition, of which Bates was already aware. In response to Plaintiff's offer, Bates told Plaintiff that she was terminated anyway.

## CLAIMS FOR RELIEF – DISCRIMINATION AND RETALIATION
## TITLE VII AND CHAPTER 21 OF THE TEXAS LABOR CODE

29. Plaintiff reasserts and incorporates by reference paragraphs 1 through 28.

30. Plaintiff has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

31. On February 11, 2020, Plaintiff timely filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, discrimination, hostile work environment and retaliation in violation of Title VII and Chapter 21.

Her charge was simultaneously filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD").

32. More than 180 days after filing her charge, Plaintiff received a Notice of Right to Sue from the EEOC dated August 27, 2021. Plaintiff has timely filed her Title VII claims within 90 days of the Notice of Right to Sue.

33. Plaintiff received a Notice of Right to File Civil Action from the TWCCRD dated November 10, 2021. Plaintiff has filed her Chapter 21 claims within 60 days of the Notice of Right to File Civil Action and within two years of the date her charge of discrimination was presented to the TWCCRD. Furthermore, TWCCRD failed to resolve the charge within 180 days. Thus, Plaintiff has timely filed her Chapter 21 claims.

**Claims**

34. Defendant was Ms. Bonilla's "employer" as that term is defined under 42 U.S.C. § 2000e(b) and Tex. Lab. Code § 21.002(8).

35. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 20003-2(a)(1), and Tex. Lab. Code Ann § 21.051, as follows:

   a. Plaintiff was subjected to unwelcome severe and pervasive sexual harassment in Defendant's workplace;

   b. Defendant's work environment was so pervaded by discrimination that the terms and conditions of Plaintiff's employment were altered;

   c. Defendant's supervisory personnel sexually harassed Plaintiff;

   d. Defendant's supervisory personnel had knowledge of or, in the exercise of reasonable care, should have known that Plaintiff was being sexually harassed because of Plaintiff's sex, female; and

e. Defendant failed to take effective remedial measures to prevent and correct the discriminatory conduct and allowed the sexually hostile environment to exist.

36. The effect of the practices complained of in paragraph 35 was to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

37. Plaintiff engaged in protected activity under Title VII and Chapter 21 when she reported the sexual harassment to a supervisor and made numerous complaints regarding the sexual harassment, including in December 2019.

38. Defendant fired Plaintiff in retaliation for Plaintiff's opposition to and complaints about sexual harassment.

39. A causal link exists between Plaintiff's protected activity in reporting the sexual harassment and Defendant's adverse employment action in firing her.

40. Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Tex. Labor Code Ann. §21.055 by firing Plaintiff because she engaged in protected activity.

41. The unlawful employment practices Plaintiff complains of in paragraphs 35-40 were intentional.

42. Defendant acted with malice or with reckless disregard and/or conscious indifference to Plaintiff's protected rights to be free from discrimination, a hostile work environment, and retaliation.

43. As a direct and proximate result of Defendant's violations of Title VII and Chapter 21, Plaintiff has suffered and continues to suffer damages in the form of lost employment, back pay and other benefits associated with such employment, future lost wages,

pecuniary damages in the past and in the future, and non-pecuniary damages, including without limitation mental anguish, emotional pain and suffering, and loss of enjoyment of life in the past and in the future. As Defendant's violations of Title VII and Chapter 21 were willful, Plaintiff is entitled to recover exemplary or punitive damages.

### CLAIMS FOR RELIEF – FAMILY AND MEDICAL LEAVE ACT

44. Plaintiff reasserts and incorporates by reference paragraphs 1 through 28.

45. Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611 of the FMLA because she worked for Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period before she requested and took FMLA-covered leave in January 2020.

46. Plaintiff was an "individual" entitled to be free from discrimination and retaliation as set out in 29 U.S.C. § 2615(a)(2).

47. Defendant is an employer within the meaning of 29 U.S.C. § 2611(4) in that Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the applicable time period and is engaged in commerce or in an industry affecting commerce.

48. Plaintiff suffered a "serious health condition" as defined under 29 U.S.C. § 2611(11) which caused her to be absent from work for approximately two weeks beginning January 3, 2020.

49. Plaintiff suffered an adverse employment action when Defendant terminated her employment in January 2020.

50. The reason for Plaintiff's termination included absences for a serious health condition for which Plaintiff was entitled to take FMLA leave.

51. Plaintiff would show that Defendant violated the FMLA with respect to her in the following and other respects:

    a. by interfering with, restraining or denying Plaintiff's exercise of her attempts to exercise FMLA rights by using FMLA-protected leave as a negative factor in its decision to fire her in violation of 29 U.S.C. § 2615(a)(1); and

    b. by discriminating against Plaintiff for seeking protection under the FMLA by firing her in January 2020 in violation of 29 U.S.C. § 2615(a)(2).

52. Plaintiff was prejudiced by Defendant's violations when she lost the benefits and earnings associated with her job.

53. All conditions precedent to the filing of this action have occurred or have been fulfilled.

54. For Defendant's violations, Plaintiff seeks back pay in the form of wages, lost benefits or other compensation, interest, liquidated damages, appropriate equitable relief, reasonable attorney's fees, expert witness fees, and the costs of pursuing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

    A. Declare that Defendant violated Plaintiff's rights under Title VII, Chapter 21 and the FMLA;

    B. Award Plaintiff her back pay and front pay in lieu of reinstatement under Title VII and Chapter 21;

    C. Award Plaintiff non-pecuniary damages, including but not limited to mental anguish, emotional pain and suffering, inconvenience and loss of enjoyment of

life, in the past and in the future, due to Plaintiff by reason of Defendant's violations of Title VII and Chapter 21;

D. Award Plaintiff her back pay in the form of wages, lost benefits, lost compensation or other compensatory damages due to Plaintiff by reason of Defendant's violations of the FMLA;

E. Award Plaintiff liquidated damages as allowed by the FMLA;

F. Award Plaintiff equitable relief as may be appropriate (such as reinstatement or front pay in lieu of reinstatement) for Defendant's violations of the FMLA;

G. Award Plaintiff her reasonable attorney's fees, expert witness fees, and costs of court;

H. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

I. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID

*/s/ Sarah E. Donaldson*
Sarah E. Donaldson
Texas Bar No. 24065158
sdonaldson@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1111 North Main Ave.
San Antonio, Texas 78212
Tel. (210) 212-3704
Fax (210) 212-3704

*/s/ Lakshmi Ramakrishnan*
Lakshmi Ramakrishnan
Texas Bar No. 24037324
lramakrishnan@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
301 S. Texas Ave.

Mercedes, Texas 78570  
Tel. (956) 447-4850  
Fax (956) 825-7035

**ATTORNEYS FOR PLAINTIFF**